**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

GARY L. BROWN, ADC # 115152                                                                    PLAINTIFF

v.                                              4:15CV00423-BSM-JJV

PULASKI COUNTY; *et al.*                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

1

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff brings this *pro se* section 1983 action alleging that his rights have been violated. (Doc. No. 1.) Specifically, he claims that Defendants Pulaski County, the State of Arkansas, and University of Arkansas for Medical Sciences have facilitated the development of "illegal intelligence" through "nanoparticulate sensory devices." (*Id*. at 1.) Plaintiff goes on to allege that each of these Defendants have utilized this technology to control and "antagonize" him. (*Id*. at 2.) Finally, he claims this technology has been used to steal poems, songs, "clean energy designs," and "precursors to several medical processes and devices" from him. (*Id*. at 3.)

With respect to Defendants Doc Holiday and the staff of the Pulaski County Regional Detention Facility, Plaintiff alleges they have prevented him from contacting the Department of Homeland Security, interfered with his mail in an unspecified way, and denied him

medical care by telling him that his MRI and CT diagnostic tests show no signs of any intrusive technology. (*Id.*)

Having completed the mandated screening process,[1] I find that none of the aforementioned claims are adequately supported by facts or grounded in reality. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation"). I recommend that they be dismissed as frivolous.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. Sect. 1915A(a).

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."

Dated this 4th day of August, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE